# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL GLASS (#K-1796), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 0044 |
| | ) | |
| DR. SERGIO RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a physician at the Cook County Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that while he was held at the jail as a pretrial detainee, the defendant failed to provide adequate care for back problems. The parties have consented to have this case heard by a magistrate judge pursuant to 28 U.S.C. § 636(c). This matter is before the court for consideration of the defendant's motion for summary judgment. For the reasons set forth in this order, the motion is granted.

## SUMMARY JUDGMENT STANDARDS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Prime Northgate Plaza Ltd. Partnership v. Lifecare Acquisitions Corp.*, 985 F. Supp. 815, 817 (N.D. Ill. 1997). In determining whether factual issues exist, the court must view all the evidence and draw all

reasonable inferences in the light most favorable to the non-moving party. *Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 393 (7th Cir. 1997), *cert. denied*, 523 U.S. 1118 (1998).

**FACTS**

The defendant filed a statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with his summary judgment motion, the defendant served on the plaintiff the required notice under Local Rule 56.2, advising the plaintiff what he needed to do to contest the motion, and specifically what he needed to do to dispute the defendant's statement of uncontested facts. Despite this, the plaintiff has not submitted a statement of contested facts; he simply disputes certain facts or elaborates on events in his opposing brief, without pointing to evidence in the record that substantiates his version of the facts. But unsupported statements in a brief are not evidence and cannot be given any weight. *See, e.g., Johnson v. Spiegel, Inc.*, No. 02 C 0680, 2002 WL 1880137, at \*4 (N.D. Ill. Aug. 15, 2002) (Pallmeyer, J.), *citing In the Matter of Morris Paint and Varnish Co.*, 773 F.2d 130, 134 (7th Cir. 1985).

The plaintiff's failure to respond to the defendant's statements of material facts as directed warrants disregard of any contrary assertions he makes in his opposing brief. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003):

> Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion. . . . We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission. *See, e.g., Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 689 (7th Cir. 2000). A district court is not required to "wade through improper denials and legal argument in search of a genuinely disputed fact." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). And a mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material. *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993).

Nevertheless, because the plaintiff is proceeding *pro se*, the court will consider the factual assertions he makes in his responsive brief, but only to the extent that the plaintiff could properly testify about the matters asserted at trial. Affidavits must concern facts about which the affiant is competent to testify, must be based on personal knowledge, and must set forth such facts as would be admissible in evidence. Fed. R. Civ. P. 56(e). A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602. It should additionally be noted that the validity of medical records and entries in the medical records cannot be disputed in the absence of any contrary evidence. *Moss v. Morman*, No. 99 C 3571, 2001 WL 1491183, at *4 (N.D. Ill. Nov. 26, 2001) (Andersen, J.) The court therefore finds that the following facts, gathered from the defendant's statements of facts, the plaintiff's medical records, and his deposition testimony, are undisputed for purposes of this motion:

The plaintiff was a pretrial detainee at the Cook County Jail at all times relevant to this action. (Complaint, p. 2, Section I.) The defendant, Sergio Rodriguez, is a physician as well as the

medical director of Cermak Health Services of Cook County. (Defendant's Exhibit C, Affidavit of Sergio Rodriguez, ¶ 2.)

Prior to his incarceration, the plaintiff began experiencing chronic back pain, possibly stemming from fractured vertebrae incurred during high school sports. (Defendant's Exhibit B, Deposition of Darryl Glass, p. 9; Rodriguez Affidavit, ¶ 4.)

The plaintiff arrived at the Cook County Jail on August 25, 2002. (Rodriguez Affidavit, ¶ 3.) He remained there until December 27, 2004. (*Id.*, ¶¶ 3 and 16.)

A specialist in orthopedics ordered a "CAT scan," or computerized axial tomography, of the plaintiff's back in October 2002. (*Id.*, ¶ 5.) The CAT scan revealed degenerative joint disease stemming from an old minimal compressed fracture. (*Id.*) An x-ray taken in December 2002 reflected the same injury. (*Id.*, ¶ 6; Plaintiff's Deposition, p. 13.)

The course of treatment decided upon was to monitor the condition and continue to prescribe pain medication. (Rodriguez Affidavit, ¶ 7.)

Doctors additionally recommended physical therapy and an MRI (magnetic resonance imaging test) to further assess the plaintiff's condition. (*Id.*)

In January of 2003, the physical therapy department saw the plaintiff and gave him five back exercises to perform. (*Id.*, ¶ 9.)

When the plaintiff returned to the physical therapy department in April of 2003, he admitted to the therapist that he did only one of the exercises. (*Id.*, ¶ 10; Plaintiff's Deposition, pp. 18-19.)

The plaintiff continued to see the physical therapist eight more times during his confinement, until December 6, 2004, when he was referred back to Cermak doctors for further evaluation. (Rodriguez Affidavit, ¶ 11.)

An orthopedic specialist ordered another CAT scan in August of 2003. (*Id.*, ¶ 12.) The second CAT scan again reflected degenerative joint disease, minimal posterior protrusion of a disc, and moderate disc herniation. (*Id.*)

Although the second CAT scan was indicative of a worsening of the degenerative joint disease, doctors concluded that the findings were not severe enough to alter the course of treatment. (*Id.*, ¶ 13.) Doctors therefore continued the same treatment plan (namely, physical therapy and pain medication). (*Id.*)

The plaintiff saw Cermak Health Services medical doctors at least nineteen times during his confinement at the Cook County Jail (about once a month or every other month) in connection with his back problems. (Rodriguez Affidavit, ¶ 14.)

Although inmates were supposed to be able to see a physician every Thursday, the plaintiff sometimes wanted to consult a doctor but was unable to do so. (Plaintiff's Deposition, p. 11.) The plaintiff felt that he should have been able to see a doctor every week. (*Id.*, p. 25.)

The plaintiff saw physical therapists ten times while at the jail. (*Id.*, ¶ 15; Plaintiff's Deposition, pp. 17-18.)

The plaintiff saw orthopedic specialists four times while at the jail. (Rodriguez Affidavit, ¶ 17.) In addition, he was referred to and seen by specialists at the Fantus Clinic, a medical health care facility outside the jail. (*Id.*)

The plaintiff received prescription pain medication throughout his stay at the Cook County Jail. (Plaintiff's dep., p. 26.)

An MRI test is a diagnostic tool similar to a CAT scan. (Rodriguez Affidavit, ¶ 19.) Although an MRI gives a "more defined visual observation," in the plaintiff's case the CAT scan

was all that was medically necessary to diagnose the extent of his back injury and its progression. (*Id.*)

In addition, Cermak Health Services does not have an MRI machine; therefore, the plaintiff's MRI had to be scheduled at Stroger Hospital, an outside facility. (Rodriguez Affidavit, ¶ 20.)

The plaintiff was scheduled to get an MRI done several times, but since emergency cases and "severe need" cases take precedence, his scheduled appointments were invariably cancelled and rescheduled. (*Id.*, ¶ 21.) It often takes jail detainees a year or longer to get an MRI test when their condition is not considered "crucial" or of an emergency nature for diagnosis and treatment. (*Id.*)

Ultimately, the plaintiff never had an MRI taken before he was transferred to the custody of the Illinois Department of Corrections. (Plaintiff's Deposition, pp. 21, 29.)

## DISCUSSION

No material facts are in dispute and the court finds that the defendant is entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could conclude that the defendant acted with deliberate indifference to the plaintiff's serious medical needs.

It is well established that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).[1] Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health

---

[1] Although the defendant incorrectly cites the Eighth Amendment throughout his brief, the same standard of deliberate indifference applies to claims brought under the Fourteenth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999), *cert. denied*, 530 U.S. 1244 (2000).

6

care provider must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

The court will assume for purposes of this motion that the plaintiff's back condition amounted to a "serious" medical need. Under the Seventh Circuit's standard,

> A "serious" medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. . . . [Indications of a serious medical need include] the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Certainly, prolonged and severe pain can amount to a serious medical need, *Walker v. Benjamin*, 293 F.3d 1030, 1039-40 (7th Cir. 2002), and the subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain. *Jones v. Simek*, 193 F.3d 485 (7th Cir. 1999).

Nevertheless, the plaintiff's claim fails on the second prong of the *Gamble* test. The thrust of the complaint is that the plaintiff did not get to see a physician every Thursday, as he would have wished, and that he never underwent an MRI. However, those omissions, neither alone nor together, rose to the level of a constitutional violation.

There is no genuine dispute as to whether the plaintiff saw staff physicians nineteen times, outside specialists both in the jail and at an outside clinic at least four times, and physical therapists ten times. Two "CAT" scans and an x-ray were taken to help the medical staff diagnose the problem and develop a treatment plan. The plaintiff received prescription pain medication and was assigned back exercises. Any deliberate indifference analysis requires the court to consider the totality of the

care provided. *See Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 591 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1374-75. Here, the record reflects fairly comprehensive medical treatment, notwithstanding the plaintiff's inability to consult a physician on a weekly basis. Although deliberate indifference to a serious medical need can be manifested by "woefully inadequate action" as well as by no action at all, *see Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999), the record in the case at bar demonstrates that the plaintiff received constitutionally acceptable medical treatment.

The plaintiff has adduced no evidence whatsoever that an MRI would have affected his care. According to Dr. Rodriguez, an MRI test is a diagnostic tool similar to a CAT scan and not a form of treatment; in the plaintiff's case, he asserts, the CAT scan was all that was medically necessary to diagnose the extent of the plaintiff's back injury and its progression. (*See* Rodriguez Affidavit, ¶ 19.) The court recognizes that certain doctors told the plaintiff that he needed an MRI; however, the assessment by Cermak Health Services that the plaintiff's scheduled MRI was not a top priority amounts simply to a difference of opinion between the plaintiff and the defendant. Such disagreements do not constitute deliberate indifference. *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). Questions of whether certain diagnostic techniques or forms of treatment are warranted are a "classic example of a matter for medical judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996), *quoting Estelle v. Gamble*, 429 U.S. at 97.

Neither simple medical malpractice, *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996), nor mere dissatisfaction with a doctor's prescribed course of treatment, *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996), is actionable under 42 U.S.C. § 1983. Erroneous treatment implicates the Constitution only when the health care provider's conduct reflects a substantial departure from accepted medical judgment, practice, or standards. *Sherrod*, 223 F.3d at 611; *Vance v. Peters*, 97

8

F.3d 987, 992 (7th Cir. 1996). Where, as here, a physician provides constitutionally acceptable care, his or her inability to effect a final cure is not proof of deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996), *cert. denied*, 519 U.S. 1126 (1997). As many, many sufferers of chronic back problems are aware, that malady is often a condition that many have to learn to live with. At best, the pain can be controlled and the patient can take steps to alleviate discomfort and to avoid exacerbating the condition.

The plaintiff seems to clarify in response to the defendant's motion that his entire lawsuit is based on the failure of the defendant to order an MRI. However, the defendant has submitted ample evidence that the plaintiff received constitutionally adequate treatment for his back injury and that an MRI, while perhaps a helpful and desirable diagnostic tool, did not amount to a "serious medical need." Doctors, orthopedic specialists and physical therapists took all the necessary steps to treat the plaintiff's condition; their efforts included such diagnostic measures as x-rays and CAT scans; their conservative treatment plan included physical therapy and pain medication. There is no evidentiary basis for questioning the defendant's assertion that an MRI was unwarranted. A plaintiff can show that the professional disregarded a serious medical need "only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). The plaintiff has not met his burden of production.

In sum, for all of the above-stated reasons, the court finds that no material facts are in dispute and concludes that the defendant is entitled to judgment as a matter of law. The medical care provided by the defendant was not so erroneous or so woefully inadequate as to amount to an

essential denial of medical care. *Reed*, 178 F.3d at 854. Even viewing the record in the light most favorable to the plaintiff, and drawing every reasonable inference in his favor, a jury could not conclude that the defendant acted with deliberate indifference to the plaintiff's serious medical needs. The plaintiff has failed to establish a triable claim. Consequently, the defendant's motion for summary judgment is granted.

If the plaintiff wishes to appeal this entry of final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $255 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that under that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment [#23] is granted. The clerk is directed to enter judgment in favor of the defendant pursuant to Fed. R. Civ. P. 56. The case is terminated.

Enter: _____
MICHAEL T. MASON
United States Magistrate Judge

Date: January 9, 2006